_____

**SO ORDERED,**



**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.
_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL CATHEY, | ) | Case No.:  20-10717-JDW |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *Objection to Claim of JIF, LLC* filed by the debtor (the "Objection") (Dkt. # 95). An evidentiary hearing was held on May 18, 2021. The debtor argues that the claim should be disallowed because he has defenses to a default judgment entered against him several years ago in state court. Those objections should have been raised in the state court proceeding and the Objection is due to be overruled.

1

# I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A) and (B).

# II. FINDINGS OF FACT[1]

On February 1, 2010, the debtor signed a contract of sale with MidSouth Auto for the purchase of a 2001 Buick Lasabre (Debtor's Ex. # 1).[2] The contract included an optional provision for gap insurance, which the debtor elected for a total of $395.00. *Id.* The car was subsequently wrecked, and the debtor stopped making payments to the creditor. JIF filed a lawsuit against the debtor to collect the unpaid balance. The debtor admits he was served with the lawsuit. He failed to defend and a default judgment was entered by the General Sessions Court of Shelby County, Tennessee on May 22, 2014 in the amount of $5,127.17 plus court costs and interest (Debtor's Ex. # 1).

Almost six years later, the debtor filed his chapter 13 petition here (Dkt. # 1). JIF filed a motion for leave to file a late claim in the bankruptcy case because it had not received notice of the bankruptcy filing (Dkt. # 48). This

---

[1] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such, and vice versa.
[2] JIF is the assignee of MidSouth Auto (Debtor's Ex. # 1).

Court granted the motion and JIF filed a general unsecured claim in the amount of $7,035.81 (Dkt. # 90) (Claim # 11). The debtor then filed the Objection, arguing that he was unaware that a default judgment had been taken against him (Dkt. # 95). But on cross-examination the debtor admitted he had been served with a copy of the lawsuit filed in Shelby County. He further testified that he did not appeal the default judgment, nor did he make any claim on the gap insurance. He testified that he was not present in court at the time default judgment was taken against him because an employee at MidSouth Auto told him "Don't worry about it. I don't know why you have to go to court on this, don't worry about it. I'm going to call and let them know what's going on." The debtor continued, "That was it; I left it alone."

### III. CONCLUSIONS OF LAW

Lower federal courts, including bankruptcy courts, are courts of original jurisdiction, not appellate jurisdiction.[3] As such, these courts "lack appellate jurisdiction to review, modify, or nullify final orders of state courts."[4] The *Rooker-Feldman* doctrine[5] prohibits state court losers from "complaining of injuries caused by state-court judgments rendered before the district court

---

[3] 28 U.S.C § 1331.
[4] *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (internal citations omitted).
[5] *See Rooker,* 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

proceedings commenced and inviting district court review and rejection of those judgements."[6]

The Objection requests that this Court disallow the claim on the grounds that the debtor claims he was unaware a default judgment had been taken against him and that he had gap insurance that should have covered the difference between the amount of the claim and the value of the collateral after the accident (Dkt. # 95). At the hearing on the Objection, debtor's counsel, for the first time, raised two additional arguments for disallowing the claim. First, she argued that as a foreign judgment, JIF's default judgment was unenforceable because it had not been enrolled in Mississippi.[7] Second, she argued that the contract of sale included an arbitration agreement, which should have precluded the state court litigation.

Rather than appearing for the state court proceeding at the time or pursuing the state court appeals process, the debtor asks this Court to essentially overturn a judgment of the state court that is now final and non-appealable. This position is expressly prohibited by the *Rooker-Feldman* doctrine. While this Court finds the debtor's testimony credible, the defenses should have been raised in state court. This Court cannot reject the state court's default judgment for failure of the debtor to mount his defense in the

---

[6] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).
[7] Debtor's counsel cited Miss. Code Ann. § 15-1-45.

4

proper court at the appropriate time. *Rooker-Feldman* expressly prohibits this type of review.[8]

The existence of a gap insurance provision in the contract does not change the outcome. JIF obtained a valid judgment and it has a claim against the debtor regardless of whether the debtor may or may not have had insurance to cover the claim. It was the debtor's responsibility to pursue his insurance claim if one existed. The debtor's failure to make a claim on the gap insurance is not grounds for this Court to reject a validly obtained judgment.

The other arguments made by debtor's counsel as listed above were not included in the Objection and instead were offered only at the evidentiary hearing. As the Fifth Circuit Court of Appeals has noted, "each party is entitled to know what is being tried, or at least to the means to find out. Notice remains a first-reader element of procedural due process, and trial by ambush is no more favored here than elsewhere."[9] Adequate notice is essential to due process. If a party is not informed of the proceedings or the issues to be tried, it cannot reasonably present its case. In fact, the Supreme Court has been clear that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated,

---

[8] *Davis v. Bayless*, 70 F.3d 367, 375-76 (5th Cir. 1995) ("When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review").

[9] *Jimenez v. Tuna Vessel Granada*, 652 F.2d 415, 420 (5th Cir. 1981).

5

under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[10]

Here, debtor's counsel ambushed the creditor with new arguments. The Objection argued that the claim should be disallowed because the debtor was unaware the judgment had been taken against him and because he had gap insurance. But the Objection did not give notice to JIF that the debtor would be contesting the validity of the judgment. It made no reference to the arbitration agreement or to enrollment of a foreign judgment. The Objection did not give JIF notice of the other arguments raised by debtor's counsel.

This is all somewhat immaterial because allowing JIF's claim does not impact the debtor. The debtor's plan provides that he will pay $15,439.20 to general unsecured creditors, which is all he is required to pay given his income. Allowance of JIF's claim does not change the amount he will pay. It just means that sum will be allocated *pro rata* to JIF and the other unsecured creditors.

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the Objection (Dkt. # 95) is **OVERRULED**.

##END OF OPINION##

---

[10] *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).